United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

---

No. 02-20096

---

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,PENNSYLVANIA,

Plaintiff-Appellee,

VERSUS

ZURICH INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY,

Defendants-Appellants.

---

Appeal from the United States District Court
For the Southern District of Texas, Houston Division
H-00-CV-4065

---

Before KING, Chief Judge, DAVIS, Circuit Judge, and VANCE[*],
District Judge.

PER CURIAM:[**]

I.

The single question presented in this appeal is whether
appellants, Zurich Insurance Company and Zurich American Insurance

---

[*]District Judge of the Eastern District of Louisiana, sitting by
designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Company(Zurich) owe indemnity and defense to Walls Industries, Inc.(Walls) as an additional insured under Zurich's policy insuring Spring Industries, Inc. (Springs).

Zurich's named insured, Springs, manufacturers fabric that it sells in bulk to purchasers throughout the country. The fabric has a variety of uses from clothing to umbrellas. Springs sold fabric to Walls which used it to manufacture coveralls to be worn while using welding equipment.

The Zurich policy includes a vendor's endorsement that provides additional insured status to vendors of Springs' products. Walls claims that it is entitled to additional insured status under this endorsement and coverage under the policy which requires Zurich to defend and indemnify it.

Walls and its insurer, National Union, seek recovery in this suit for all sums it expended in the defense and indemnification of Walls in an underlying lawsuit styled McGrew v. Walls Industries, Inc., et al filed in Jackson County, Texas. The plaintiff in McGrew sought to recover for injuries that resulted from burns sustained while he was wearing Walls' "master made" coveralls while using welding equipment. The complaint against Walls focused on the fact that Walls marketed the coveralls specifically for use with welding equipment without warning consumers of the fabric's flammability and without incorporating a fire retardant chemical within the fabric structure. The Walls coveralls McGrew was wearing at the time of his injuries were made from a portion of the

fabric Walls purchased from Springs.  Zurich refused to defend or indemnify Walls and Walls insurer, National Union, undertook Walls' defense.  National Union paid $135,000 to settle the McGrew lawsuit and also incurred $46,409.03 in attorney's fees.  Walls and National Union's suit in the district court sought to recoup these losses from Zurich.  On cross motions for summary judgment, the district court granted Walls' motion and denied Zurich's motion, holding that Walls and National Union were entitled to reimbursement of the entire amount it expended in defending and settling the McGrew action.  Zurich challenges the district court's rulings in this appeal.

## II.

Zurich asserts a number of coverage defenses including arguments that Walls is not an additional insured under the policy and that certain exclusions apply to exclude coverage to Walls.  We find it unnecessary to consider these arguments because the amount Walls expended for defense and indemnity of the McGrew suit is below the $250,000 deductible provided for in Zurich's policy.  Under the plain language of Section A of Zurich's policy, Zurich has no obligations under the policy until damages exceed $250,000.  The deductible applies to Zurich's duty to indemnify its insureds as well as "all expenses for covered losses". This later phrase includes defense costs.

Because we conclude that the losses Walls and National Union seek to recover in this case are below the deductible amount in

3

Zurich's policy, Zurich has no obligations under the policy and the district court erred in granting National Union's motion for summary judgment and denying Zurich's motion for summary judgment.  We therefore reverse the judgment of the district court and render judgment in favor of Zurich.

REVERSED AND RENDERED.